S. Wesley Woolf
WOOLF LAW FIRM
408 East Bay Street
Savannah, Georgia 31401
T:  912-201-3696
woolf@woolflawfirm.net

Robert W. Mitchell, *pro hac vice pending*
Robert Mitchell, Attorney at Law, PLLC
1020 North Washington Street
Spokane, WA 99203
Telephone:  509-327-2224
bobmitchellaw@gmail.com

Thomas G. Jarrard, *pro hac vice pending*
Law Office of Thomas G. Jarrard, PLLC
1020 North Washington Street
Spokane, WA 99203
Telephone:  425-239-7290
tjarrard@att.net

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT GEORGIA
## SAVANAH DIVISION

| | |
|---|---|
| Trevor Kruwel, | Case No.  20-cv-_____ |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND JURY TRIAL FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT ("USERRA") |
| vs. | |
| Georgia Ports Authority, | |
| Defendant. | |
| | EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1) |

1

## I. INTRODUCTION

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 (USERRA), and is exempt from filing fees under 38 U.S.C. § 4323(h)(1).

2. Plaintiff, Plaintiff Trevor Kruwel (hereinafter "Mr. Kruwel" or "Plaintiff"), by the undersigned attorneys, avers as stated herein.

## II. PARTIES

3. Mr. Kruwel resided in the State of Georgia at all times pertinent hereto.

4. Defendant, Georgia Ports Authority is an authority of the State of Georgia, which was created by O.C.G.A. § 52-2-4 et. seq., with its principal office located at 42 Main Street, Garden City, GA 31408.

5. Mr. Kruwel was an employee of Georgia Ports Authority, at all times pertinent hereto.

6. For the purposes of 38 U.S.C. § 4303(4), Defendant, Georgia Ports Authority, is a private employer operating within the State of Georgia.

## III. JURISDICTION AND VENUE

7. The Federal Court for the Southern District of Georgia has personal jurisdiction over the parties because they have sufficient contacts with this District.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims in this complaint arise out of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq.*, which confers subject matter jurisdiction on this Court pursuant to 38 U.S.C. § 4323(b)(3).

9. Venue is proper in the Federal Court for the Southern District of Georgia, Division of Savanah, under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b) because the acts and omissions in this complaint occurred in this District.

## IV.   FACTS

10. Mr. Kruwel began working as a certified Georgia police officer in 2006.

11. On December 11, 2017, Defendant, Georgia Port Authority (hereinafter "GPA") hired Mr. Kruwel as a police officer.

12. Mr. Kruwel has always received positive performance evaluations while employed by GPA.

13. Mr. Kruwel is also a member of the Florida Army National Guard with honorable service.

14. On July 13, 2019, Mr. Kruwel attended military drill in Florida.

15. On July 13, 2019, at approximately 0830, Mr. Kruwel climbed off of a military vehicle, rolled his ankle, and heard his knee pop.

16. Mr. Kruwel was transported by ambulance to the hospital where he received X-rays, which were negative.

17. On July 14, 2019, Mr. Kruwel visited an orthopedic specialist at the Jacksonville Naval Air Station Hospital.

18. On July 15, 2019, the orthopedic physician ordered an MRI.

19. On July 15, 2019, Mr. Kruwel notified GPA of his military line of duty injury.

20. Approximately two weeks later, an MRI was taken of Mr. Kruwel's knee.

21. The MRI showed a complete ACL tear and a possible meniscus disk injury.

22. Mr. Kruwel was told by his physician that he may return to work with limitations, and in turn, Mr. Kruwel gave GPA notice that he may return to work with limitations.

23. GPA refused to allow Mr. Kruwel to return to work with limited duties.

24. At the time, three other GPA police officers, Ofc Felicia Lyles, Ofc Trinity Hicks, PSO Victor Pinckney who were injured were allowed to return to work with limited duties.

25. GPA placed Mr. Kruwel on 2 weeks of FMLA leave, and told him to report back to its nurse every two weeks.

26. GPA did not offer Mr. Kruwel any accommodation for his injury.

27. GPA has nurses and physician's assistants regularly evaluate employee injuries.

28. Mr. Kruwel communicated to GPA's nurses that this was not a permanent injury, he was healing.

29. On October of 2019, Mr. Kruwel's FMLA ended.

30. On about October 15, 2019, GPA HR manager, Rosa Simmons asked Mr. Kruwel when his next doctor's appointment was and when he can get back to work.

31. Mr. Kruwel responded that he can return to work now, on a limited duty, but his next orthopedic appointment was November 11, 2019.

32. Rosa Simmons placed Mr. Kruwel on an unpaid leave of absence and told him he didn't have to check in until after the next orthopedic follow up.

33. On November 11, 2019, the orthopedic surgeon informed Mr. Kruwel that he might need surgery to repair the knee, in turn, Mr. Kruwel informed GPA's nurses of the same.

34. On November 14, 2019, GPA terminated Mr. Kruwel's employment for: "Unable to Perform Job Duties."

35. GPA also instigated a long-term suspension of Mr. Kruwel's certification to serve as a Georgia police officer.

36. On August 8, 2019, Plaintiff was hobbling somewhat, but the orthopedic physician cleared him to perform limited duty.

37. However, GPA's Human Resources refused to engage in a conversation about putting Mr. Kruwel back to work.

38. On January 16, 2020, Mr. Kruwel had surgery to repair the injured knee.

39. On July 13, 2019, Plaintiff's police officer certification was reinstated.

40. However, GPA refused to reinstate Mr. Kruwel to his former position, an alternate position, or any position of similar seniority, and other benefits of employment.

41. GPA informed Mr. Kruwel that he could reapply for employment, but he would be placed in a new hire position and lose all of his seniority and other benefits of employment.

42. Throughout this entire affair, GPA never made any effort to qualify Mr. Kruwel for reemployment.

43. Throughout this entire affair, GPA never made any effort to identify an alternate position to accommodate Mr. Kruwel's temporary disability.

44. Throughout this entire affair, GPA never made any effort to notify Mr. Kruwel's of an alternate position to accommodate his temporary disability.

45. Throughout this entire affair, GPA never made any effort to accommodate Mr. Kruwel's disability.

46. However, during this same period, GPA did accommodate other, similar, non-servicemember injuries.

47. Three non-servicemember officers were involved in an accident.

48. All three were placed on light duty and assigned a temporary desk position.

49. At least one of the officers worked behind a desk for close to a year.

50. None were terminated.

51. There were similar positions available that GPA could have assigned to Mr. Kruwel.

52. In addition, another officer (detective) had recently left the force after having a child.

53. Mr. Kruwel was qualified for, and physically able to perform the duties of the open detective position.

54. GPA did not offer Mr. Kruwel any accommodations whatsoever.

55. Mr. Kruwel has healed completely from his injury and surgery.

56. Mr. Kruwel runs an average of 15 – 20 miles each week.

57. Mr. Kruwel is in excellent physical condition.

58. Mr. Kruwel is physically able to perform all duties of his former position.

59. Yet, GPA has failed to reemploy Mr. Kruwel into his former position, and refuses to make any other reasonable accommodations.

60. At all times relevant hereto, GPA maintained a posted notice where employers customarily place notices for employees as required by 38 U.S.C. § 4334, informing managers and employees of rights under USERRA.

61. At all times relevant hereto, GPA had a duty to conduct itself in compliance with the law, including USERRA and ensure its managers and agents followed the Act.

62. The above-referenced actions by GPA, and its agents, breached those duties.

63. At all times relevant hereto, GPA maintained policies that prohibit unlawful retaliation and discrimination.

64. Kruwel suffered economic injury, as well as other harms and losses as a result of Defendant's discrimination and retaliation.

65. GPA's actions are the direct and proximate cause of Kruwel's damages.

66. As a result of GPA's unlawful conduct in violation of USERRA, Mr. Kruwel has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial.

67. As a result of GPA unlawful conduct in violation of USERRA and the necessity of this action to seek a remedy, Mr. Kruwel fears further retaliation against his employment rights by Defendant or its managers, directors or employees. As such, the employment relationship that Mr. Kruwel may have enjoyed with GPA prior to the filing of this action is irreparably damaged through no fault of Mr. Kruwel.

68. To the extent that GPA alleges application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

69. Defendant's failure to follow USERRA was willful and in reckless disregard for the law.

70. Upon information and belief, Defendant is a party to contracts with the United States which prohibit Defendant from discrimination against veterans and military service members and further evidence of its knowing and reckless disregard for the protections afforded a service member under USERRA.

71. Defendant employs highly trained legal professionals, with experience and immediate access to the provisions of USERRA and the laws of the state of

Georgia, with the support of a sophisticated Human Resources Department, including immediate access to professional human resources personnel, and specially trained employment counsel.

## V. CAUSES OF ACTION

72. GPA violated Mr. Kruwel's rights as guaranteed by USERRA, including, but not limited to: § 4311 discrimination and retaliation in employment; §§ 4312, 4313 reemployment rights; and § 4316, and 20 C.F.R. § 1002.247, rights and benefits of persons absent from employment for service in the armed forces.

73. Plaintiff was injured by GPA's actions.

### CAUSE OF ACTION NO. 1
### DISCRIMINATION IN VIOLATION OF 38 U.S.C. § 4311(a)

74. GPA unlawfully discriminated against Mr. Kruwel by, among other things, denying Mr. Kruwel employment and benefits of employment on the basis of his membership, service, or obligation to perform service in the uniformed service, including but not limited to, convalescence leave for recovery of injuries sustained in the line of military duty, a right provided by USERRA.

### CAUSE OF ACTION NO. 2
### VIOLATION OF 38 U.S.C. §§ 4312 & 4313

75. Defendant's actions violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to promptly reemploy and retrain Mr. Kruwel in a position of seniority with other rights and benefits determined by seniority plus the additional

10

seniority, and rights, and benefits, or other position that Mr. Kruwel would have attained had he remained continuously employed.

76. Defendant's actions further violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to make reasonable efforts to qualify or enable Mr. Kruwel to perform the essential tasks for reemployment.

77. Defendant's actions further violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to make reasonable efforts to accommodate Mr. Kruwel's temporary disability to perform the essential tasks for reemployment.

78. Defendant's actions further violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to identify an alternate position for Mr. Kruwel.

79. Defendant's actions further violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to disclose an alternate position for Mr. Kruwel.

80. Defendant's actions further violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to promptly reemploy and retrain Mr. Kruwel in an alternate position of seniority with other rights and benefits determined by seniority plus the additional seniority, and rights, and benefits, or other position that Mr. Kruwel would have attained had he remained continuously employed.

### CAUSE OF ACTION NO. 3
### VIOLATION OF 38 U.S.C. § 4316

81. Defendant violated 38 U.S.C. § 4316 by, among other things, denying Mr. Kruwel the rights and benefits determined by seniority and such

other rights and benefits not determined by seniority that Mr. Kruwel would have attained if he had remained continuously employed.

## CAUSE OF ACTION NO. 5
## VIOLATION OF 38 U.S.C. § 4316(b) (1) & 38 U.S.C. § 4318)

82. The USERRA, § 4316(b), provides, in part:

> (b)(1) Subject to paragraphs (2) through (6), a person who is absent from a position of employment by reason of service in the uniformed services shall be--
>
> (A) deemed to be on furlough or leave of absence while performing such service; and
>
> (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

83. The USERRA, § 4318 requires an employer to provide its employees certain pension benefits upon the completion of military service.

84. Upon information and belief, GPA failed to afford Mr. Kruwel the rights and benefits to which Mr. Kruwel was entitled under §§4316 and 4318 by, *inter alia,* failing to properly restore Mr. Kruwel full employment status with full benefits, and failing to contribute to Mr. Kruwel's pension/benefit accounts following Mr. Kruwel's return from military orders.

12

## WILLFUL VIOLATIONS – 38 U.S.C. § 4323)

85. Mr. Kruwel is entitled to liquidated damages under USERRA because GPA's conduct was willful as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), where GPA knew, or showed reckless disregard for whether its conduct was prohibited under USERRA.

### V.   PRAYER FOR RELIEF

86. Mr. Kruwel respectfully demands a jury trial and further to be awarded compensation for all injury and damage suffered.  To wit:

   a.   both economic and non-economic damages in the amount to be proven at trial including back pay, front pay, lost benefits of employment, and negative tax consequences of any award;

   b.   liquidated damages, exemplary damages, and punitive damages as provided by law; and,

   c.   reasonable attorney and expert fees, and costs, pursuant to 38 U.S.C. § 4323 and as otherwise provided by law.

83. Under USERRA, a court may order equitable remedies, including reinstatement and recoupment of any loss of wages or benefits. § 4323(d)(1)(A, B).

84   USERRA also empowers a court to use "its full equity powers, including temporary or permanent injunctions, temporary restraining orders,

and contempt orders, to vindicate fully the rights or benefits" of the service member.  § 4323(e).  A court may award the prevailing party reasonable attorneys' fees, expert witness fees, and other litigation expenses. § 4323(h)(2).

85.   Based on the violations discussed previously, Plaintiff asks the Court for the following:

    a. Declare that Defendant's failure to reemploy Plaintiff, in part because of his military service, was unlawful and violated USERRA, 38 U.S.C. § 4311(a);

    b. Declare that Defendant's failure to reemploy Plaintiff was unlawful and violated USERRA 38 U.S.C. §§ 4312, 4313;

    c. Declare that Defendant's failure to provide Mr. Kruwel with the rights and benefits Mr. Kruwel would have attained if he had remained continuously employed was unlawful and violated USERRA 38 U.S.C. § 4316.

    d.  Declare that Defendant's violations of USERRA were willful pursuant to 38 U.S.C. § 4323(d)(1)(C);

    e.  Reinstate Plaintiff to the position of employment with Defendant—the position to which he would have been reemployed had Defendant not violated USERRA;

f. Order Defendant to pay Plaintiff lost wages incurred and the value of benefits lost, including lost retirement contributions, between Plaintiff's termination and the present;

g. Order Defendant to pay prejudgment interest on the amount of wages and lost benefits found due;

h. Order Defendant to pay liquidated damages in the amount of lost wages and value of benefits calculated pursuant to 38 U.S.C. § 4323(d)(1)(C); and

i. Order such other relief as may be just and proper.

RESPECTFULLY SUBMITTED this 13th day of October, 2020.

*/s/ S. Wesley Woolf*
S. Wesley Woolf
WOOLF LAW FIRM
408 East Bay Street
Savannah, Georgia 31401
T:  912-201-3696
woolf@woolflawfirm.net

Robert W. Mitchell, *pro hac vice pending*
Robert Mitchell, Attorney at Law, PLLC
1020 North Washington Street
Spokane, WA 99203
Telephone:  509-327-2224

Thomas G. Jarrard, *pro hac vice pending*
Law Office of Thomas G. Jarrard, PLLC
1020 North Washington Street
Spokane, WA 99203
Telephone:  425 239-7290

Attorneys for Plaintiffs